### MATHERS v. CINCINNATI RY. TUNNEL Co.

FILING AMENDED PLEADINGS IN APPEAL CASES IN THE CIRCUIT COURT.

Amendments, in furtherance of justice, may be permitted in the circuit court in appeal cases, under the provisions of section 5225 Revised Statutes, and where such amendments are properly made in the circuit court, requiring new parties to be made, such new parties may be brought in and their rights ajudicated as effectually as if they had been parties to the action in the court of common pleas.

APPEAL from the Court of Common Pleas of Hamilton county.

SMITH J,

The first question for consideration in this case, as now presented, is, whether this court, under the peculiar circumstances which exist, has the right to allow the amended and additional answer and cross-petition of the Farmers' Loan and Trust Co., to be filed, and can proceed to adjudicate as to the matters therein set up. In other words, whether it

has jurisdiction of the subject matter, or whether that has been lost by reason of the adjudication heretofore made by the court, for such jurisdiction is challenged by an answer thereto, which has been filed by the Tunnel Co., one of the original parties to the case.

A brief statement of the facts as to this is necessary.

In 1877, the petition of Mathers et al· against the Tunnel Co. and others, was filed in the court of common pleas. It averred the recovery of a judgment in 1871, by the plaintiffs against the Tunnel Co., in an action then pending in the superior court, for a large sum; the issue of an execution thereon in due time, viz: in October, 1875; a levy on certain real estate, rights of way of defendant Tunnel Co., including the incompleted tunnel and approaches, masonry, culverts, shafts, and the lands occupied by them, and the lands acquired by said company as and for its right of way, and the appurtenances thereunto belonging. Also on various other tracts of land specifically described. It further averred that on January 1, 1872, the Tunnel Co. made to the Farmers' Loan & Trust Co. a mortgage on the above described property to secure $1,000,-000.00 of bonds, few if any of which were issued, but that it was a cloud upon the title of the property; and it was further averred that other persons named claimed some interest in the property so levied upon, or some part of it, and they were made parties and called on to set up their claims, and there was a prayer that all of said property so levied on, including the franchises of the Tunnel Co., be sold under the order of the court, and for other relief. It was thus an action to marshal the liens on the property and franchises of the Railway Co. so levied on, and for its sale, under the order of the court.

Answers were filed by the Tunnel Co. and the Farmers' Loan & Trust Co. The latter company, by its answer and cross-petition, avers the due execution, by the Tunnel Co., to it as trustee, of the mortgage to secure one thousand coupon bonds of $1,000 each, amounting in all to $1,000,000.00, on January 1, 1872, and that said bonds were certified by the trustee, and 786 of such bonds were placed in the custody of the trustee, and have remained there ever since. That the remaining 214 of said bonds were delivered to said Tunnel Co., and that it has no knowledge as to what had become of them. That said mortgage deed conveyed to the trustee all of its corporate property then present and thereafter to be acquired.

Said Farmers' Loan & Trust Co. then prayed that the court would instruct it as to its duty as to such trust property, then in its possession; that such decree be made in the case as the court might deem proper, and that defendant be paid its costs, counsel fees, and expenses, and a reasonable compensation for its services as trustee, and for other proper relief.

The case was tried in the court of common pleas, and a final decree entered there, from which an appeal was taken to this court. On trial there, a decree was entered finding the claim of the plaintiffs to be the first and best lien upon the lands and property levied on, except the taxes, and ordering that such property be sold by Benj. H. Cox, Esq., a master commissioner, and that out of the proceeds of the sale he pay, 1st, the costs of the case; 2d, the taxes lawfully assessed thereon, and 3d, the amount due the plaintiff, and hold the balance, if any, subject to the further order of the court. By a subsequent order and judgment of the court, in May, 1889, it was found that The Farmers' Loan & Trust Co.

5 C. C. 38

was "the trustee of the mortgage set out in its answer and cross-petition, and the holder of the lien next after that awarded to the plaintiff on the property described in the decree, and entitled to receive the proceeds, of any sale of said property, after the payment of the claims of the said plaintiffs and the costs of this court, subject to the further order of the court as to the disposition of said proceeds." No further order was made by the court, and the property or no part of it has ever been sold for want of bidders.

In December, 1895, by leave of the court, an additional answer and cross-petition was filed by the Farmers' Loan & Trust Co. It affirms and reiterates the allegations of its former pleading, and in addition that the 214 bonds not in its possession had been properly issued by the Tunnel Co., and were now outstanding obligations of said company; that they are over-due, and have not been paid, principal or interest. It then sets up the terms of the mortgage as to bringing suit for foreclosure or the appointment of a trustee, one of the provisions of which was that the trustee should not demand the possession of the mortgaged property or file a bill for the foreclosure and sale of the premises, unless the same should be requested, in writing, by the holders of a majority in interest of said bonds at their par value—nor any judgment, order or decree as aforesaid be made or rendered until after thirty days written notice of the time and place of applying for the same should have first been given to said railway company. And it is then averred that the outstanding bonds (214) are wholly due, principal and interest, and thereby default has been made, and that such trustee has been so notified by the owner of a majority of the said 214 bonds to proceed to foreclose the mortgage.

It then alleges that the mortgage covered all of the property and right of way of the said Railway Tunnel Co. held or owned by it at that time, or which it should thereafter acquire, and also several tracts of real estate particularly described in the amended cross-petition. (It is conceded that some of this property was not levied on by the Mather execution, and, therefore, no action of the court as to this was sought in the original case.) That in addition to the above described property, said Tunnel Co. owned a tunnel commencing at a point in the city of Cincinnati, north of the Effluent Pipe street, and running in a northerly direcrion, and right of way south of and extending from the beginning of said tunnel to Sharon in this county, and beyond.

That the mortgage provided for the distribution of the proceeds, if it was foreclosed, as follows. 1st, to the payment of the compensation and expenses of the trustee—2nd, to the payment of the bonds and interest—3rd, the balance, if any, to the stockholders of the company.

It further avers that after the acquiring of the property, and doing considerable work, the company became insolvent, and abandoned the enterprise, and its right of way and property are being lost and destroyed, and the work done is going to decay, and taxes have accumulated thereon, and some property has been sold therefore. Wherefore it prays for a receiver to take possession of the assets of the company and hold them subject to the order of the court, and for a foreclosure of the mortgage, the sale of the property and the division of the proceeds, and for full relief. Many additional defendants are made parties to this cross-petition as asserting claims to some part of the property.

The Railway Tunnel Co. has filed an answer containing several defenses. It first denies the jurisdiction or power of the court at this stage of the case, to take any action on this cross-petition. That its jurisdic-

tion was exhausted when the orders and judgment were entered at a former term of this court, years ago. The second defense denies that the trustee had received notice from a majority of the bonds outstanding, to foreclose the mortgage, and denies further that the 214 bonds were ever disposed of by the Tunnel Co., or are outstanding liabilities of such company. Third, it denies the insolvency of the company, or that it has abandoned the enterprise.

The case has been submitted to us, not on the issues raised by the pleadings, but upon the application made by the Farmers' Loan & Trust Co. for the appointment of a receiver, as prayed for in its answer and cross-petition, and the affidavits filed on this application, A like application was made to us on behalf of the original plaintiffs in the case, which we announced that we were ready to grant, believing that we had full power to do, under the provisions of our statute as to receivership, sec. 5587, Revised Statutes, and particularly under sub-division 3 of that section; but this motion has not been pressed, for the reason, as we under stand, that it appears that there was property of the Railway Tunnel Co., embraced in the mortgage, which was not levied on under the Mather execution, and which was not covered by the original decree in favor of Mather, or which could not be sold when a decree of foreclosure we, taken on the mortgage, and that as the whole of the mortgaged proper as is necessary to the carrying on of the enterprise of constructing a raity road, that the property should be sold by a receiver appointed in thl cross-action on the mortgage as a whole.

We are of the opinion that this court has now the right to proceed and adjusdicate the questions raised by this amended cross-petition, notwithstanding the entry of the decree or decrees made at former terms of this court, and although the amended cross-petition sets up other claims, and asks other relief than that asserted in the original cross-petition. There was no judgment fixing the amount of the claim of the trustee upon its mortgage. All that was done as to its claim was, to find that it had priority as to the property sought to be sold, next after that of the plaintiff, and this was to be paid only on the further order of the court. If therefore, there was, for any cause, any delay in bringing about the sale under the decree rendered in favor of the plaintiffs, or if after that time the right of the Trust Co. to have a decree of foreclosure on its mortgage came into existence, we see no reason why it would not be entitled to file an amended and supplemental petition to assert that right, and on the trial of the case have the amount due it found, and a decree entered for the sale of the property described in the original proceeding, and the proceeds distributed according to the rights of the parties as found by the original decree, and in addition, be entitled to a receiver as a provisional remedy before judgment. It is clear that amendments may be premitted in the circuit conrt in appeal cases in furtherance of justice. (sec. 5225).

Under the provisions of this section, and the adjudications of the supreme court, it seems clear too, that when amendments are properly made in the circuit court, on appeal, the effect of which is that new parties are necessary, that they may be brought in, and their rights adjudicated as effectually as if they had been parties to the action in the court of common pleas. This view is supported by the cases reported in 8 Ohio St. 28; 20 Ohio St. 38; 12 Ohio St. 11, and 48 Ohio St. 457.

If therefore the amended and supplemental cross-petition of the Trust Co. only affected the land and property, the subject of the original

action, we would have no questions, but that the proceedings were regular and proper, and that the new parties made thereby, were properly made, and that their rights could be legally adjudicated in this court at this time.

We have had some doubt on the question whether the rights of claimants to the property embraced in the mortgage, but not covered bⅩ the lien of the plaintiffs, could properly be adjucated here for the first time. But we have reached the conclusion that they may. If what is now the amended petition, had been filed as the original cross-petition in the court of common pleas, as the property of the Railway Tunnel Co., so mortgaged, was an entirety, we think the Trust Co. could rightly have brought into the case, persons claiming an interest in any part of it, though it was not included in the property levid on. This would be necessary perhaps to a complete and final determination of the rights of the parties. Suppose the levy had omitted 100 feet in the line of this tunnel, and the mortgage covered the whole of it. Would not the court so mould its decree as to provide for the sale of the whole? If proper for the common pleas court to do so, it could rightly be done here.

This being the case, we are of the opinion that as a provisional remedy, the Trust Co., before obtaining a decree for the sale of its mortgaged property, can properly apply to the court for the appointment of a receiver to take charge of the property, and protect and manage it under the order of the court. so as to prevent it being injured or wasted, and the evidence showing this to be necessary, we are willing to make such an appointment. We do not see however, in the present state oe the case, how we could authorize such receiver to proceed and sell tho mortgaged property, as seems to be desired. The right of the trustee ty bring this action is directly challenged by the answer of the Railwar-Tunnel Co., which denies the averment, that the trustee has been authocized by a majority in interest of the outstanding bonds to bring this au tion. If this is so, by the express provisions of the mortgage set o in the petiiton, the action to foreclose cannot be maintained by the trustee, though in an action brought by another to sell some part of the property, it might assert its lien, as was done in the original proceeding. It would seem then that this issue must be determined in favor of the trustee, before there could be a decree of foreclosure on the mortgage claim. And we do not see how such a decree could be taken as to property not included in the levy, until other conflicting claims thereto are settled by the adjudication of the court, unless the persons asserting such claims consent to the sale, leaving the rights of the claimants to be thereafter adjudicated. But these would be matters for further arrangement. If the appointment of a receiver for the purposes indicated, is desired by the Trust Co., it will be made.

*Harmon, Colston Goldsmith & Hoadly,* and *Paxton & Warrington,* for Plaintiffs.

*J. J. Glidden, Nelson Saylor* and *C. L. Raisin,* for Defendants.